The primary issue on appeal is whether the District Court should have considered Plaintiff's expert report in deciding on Defendant's amended motion for summary judgment. When the District Court did not do so, it erred for three reasons. First, unsworn expert reports that comply with Rule 26a, 2, can and should be considered competent evidence for the purpose of summary judgment because of amendments enacted to Rule 56 over the last 10-15 years. The second point is that it was an abuse of discretion by the Court to sue Esponte declined to consider Plaintiff's unsworn expert report when two exceptions exist in law. The first is when neither party has complained of the supposed defect and the second is when the moving party relies on the non-moving party's unsworn expert report, so in this case when Defendant relies on Plaintiff's unsworn expert report in their amended motion for summary judgment. And the third is that it was a further abuse of discretion by the District Court not to consider Plaintiff's expert report when, upon notice, Plaintiff cured. So it would be for any of these reasons that we would ask this Court to reverse the remand. Turning to the first point, that unsworn expert reports that comply with 26a, 2, can and should be considered competent evidence at summary judgment, I would note that there have been dramatic changes to Rule 56 over the last 10-15 years. What has been provided to you all merely as a demonstrative shows you the Rule 56 in 2004, specifically noting that essentially affidavits were required for almost everything and that there were supposed to be sworn and certified copies for everything. When you compare that to the current enactment as of December 2017, those requirements are no longer in the Rule. So that would be my first point. The second point that I would make... Let me ask you, though, wasn't the District Court referred to Rule 26 as opposed to amended Rule 56? So it seems to me that in the briefing as well as in the District Court, counsel was pointing to Rule 26 and not to, look, Rule 56 has been changed and that's the relevant rule and you ought to be considering the proper interpretation of the new rule. I mean, I'm glad you presented this to us, but I don't think that has been mentioned before and Rule 26 has been the focus. Is that correct? Yes, Your Honor. I would say that in the context of this case being at summary judgment, you would look to Rule 56, but part of the argument was very much that this was an expert report that complied with Rule 26a. It had been relied upon for those purposes and insofar as it demonstrated all the requirements of qualifications, compensation, and everything that Rule 26 required, it being prepared by the expert and sworn, it should have been considered competent evidence for the purpose of summary judgment, particularly when the purpose is at summary judgment, is to consider the evidence that would otherwise be admissible at trial. And that's what an expert report that complies with Rule 26 essentially does. What that is, is that's supposed to be a summary of the expert's testimony at trial. Yes, it's provided to the other side, but it says what their opinions will be, the basis of those opinions, and it gives notice to the other party. Now consider, if you will, an expert report that complies with Rule 26 per the scheduling order and then a Daubert challenge, again, per the scheduling order, and it survives that, meaning that it survives this initial test of whether this would comply with Federal Rules of Evidence 702 or 703, then is it really the outcome that's desirable where at summary judgments a district court would say, I'm not going to consider plaintiff's expert report because it hasn't been sworn, insofar as it, again, based off of the trinity of cases, is whether this testimony would be admissible at trial, not the purpose of summary judgment. The second point that I would make is that even if this Court were to hold that unsworn expert reports are not competent evidence, courts have found two exceptions. And the first has been where neither party have complained of the supposed defect. That has sort of acted as a waiver of the issue. The second is when, and this is where it's sort of interesting, is that the defendants, so the moving party, relies on the non-moving party's unsworn expert report in their moving paper. So if you were to look at the amended motion for summary judgment on page 11, that's where they rely on plaintiff's unsworn expert report for the purposes of showing that the third surgery, in this case, was not evidence of malpractice, that the doctor had done nothing wrong. They then also attached, as their exhibits, plaintiff's unsworn expert report. And in those cases, typically what courts have seen is courts have said, well, if the district court sui sponte declines to consider it, well, then plaintiff is disadvantaged because they had no opportunity to respond, nor any opportunity to cure, and they reasonably relied on the idea that the unsworn expert report was now properly a part of the summary judgment record, because it had been submitted by defendants. And that leads me to my third point, which was, in this case, this issue was raised not by either party, but by the court in the magistrate judge's report and recommendation. It's R&R. That's where this issue of the expert report being unsworn was first flagged. So in response to that, plaintiff filed their opposition about a week later, and defendant filed their reply to the opposition. Plaintiff asked for an extension of time that was granted, and in their response to defendant's reply to plaintiff's opposition to the R&R, that's where, while they reiterated the position that it was not required, they also submitted curative documentation, that is, a declaration from the expert that complies with, what, I think, 28 U.S.C. 1746, so a declaration that this is sworn under penalty of perjury. But then did you file a motion to amend and to submit to the court as a filing the sworn expert report? I would say that insofar as this was brought up sui sponte by the court, when plaintiff filed their opposition, certainly when they asked for a motion to, for an extension, that that was, they, plaintiff saw that as an invitation to cure, because we're only talking about adding simple language. Was the sworn, later sworn after David submitted, filed? It was filed as an attachment to the response, the reply to the opposition. That's when it was filed. Before the magistrate or the district judge? It was to the district judge because the issue had only been raised after the magistrate had submitted its R&R. So the district, the magistrate judge was sort of done. They said, here's our report and recommendations, we're submitting it to the district judge, and now we've identified this issue. This issue was not identified by either party prior to the R&I. So the first opportunity that plaintiff had to basically address the issue was in its opposition. And we're also, if you were to look at the record excerpt, there's not fundamental differences between the declaration that was then submitted in the response to the reply to the opposition and the unsworn excerpt report that had been attached by defendants. The big difference is it wasn't sworn. Yes, Your Honor. There aren't that many differences. Well, that's a major difference. Right. But in this case, plaintiff believed that it was not required to be sworn. And they were lying. That was the argument I made before. But plaintiff believed that under Rule 56, it wasn't required and that they had complied with Rule 26A2. So Your Honors, I would. So I understand you're saying in the response to the response, assuming required, was cured in the filing with the district court. But did the district court's ruling rely on what the state of the record was at the time the R&R was submitted? Yes, Your Honor. And the position that appellant would take is that the excerpt report, though unsworn, and submitted by defendants, was in the record for summary judgments. Not before the magistrate. And that was before the magistrate because that was what was included. Because you filed it as an attachment. Is that what you're saying? No. What I'm saying is I'm saying that the unsworn excerpt report was in the summary judgment record because it had been submitted by defendants as attached to their amended motion for summary judgment. And when I was describing it sort of substantively, I was sort of saying what the expert was actually saying line by line. That's functionally the same. Yes, Your Honor, it's true that it was unsworn. And that is the difference between the later filing and the earlier filing. You're saying even assuming your position was incorrect in terms of needing the sworn declaration, you're saying before the time the district judge ruled, you deemed the defect had been cured, the other response, but not cured in the sense of an amended pleading, right? That's right, Your Honor. And so far as what I'm saying is that the document itself was submitted as part of the summary judgment record. It was not cured. I would say there was... Well, I'm just asking it because of my recollection because I had to look back at it again. My sense was that when the district court ruled on it, the district court sort of ruled on the status of the matter as it was before the magistrate judge and ruled accordingly as opposed to looking at the cured part being before the district court. I was saying, well, that should have been the case, but I'll have to look back at it again. But my sense was that it was based on the determination from the magistrate judge. But in any event... Okay. Wasn't there a procedural ruling also by the district court that you should have sought leave to file the new affidavit and that wasn't done and that was one reason not to include it? Yes, Your Honor. And... Is that a local rule? That's not... That is a local rule. Not a general federal rule of civil seder. Okay. It seems to me the district court was also essentially indicating that even were I to consider this, this doesn't prove fraudulent concealment. That this is not enough to have told the statute of limitations. So let's... Sometime that you have to deal with that. Yes, Your Honor. I would first note that the district court's opinion was very narrow. It was narrow... What it narrowly said was that we're not going to rely on plaintiff's expert report because it's inadmissible and without it, then you cannot meet any of the elements of fraudulent concealment. And I certainly would concede the point that without plaintiff's expert report, you can't show fraudulent concealment. Fraudulent concealment essentially has three elements, the elements being that defendant was aware of the... Knew of the tort, that they fraudulently concealed the tort, and that plaintiff reasonably relied on that concealment. Taken together with the expert report, I would say that there is evidence to say that there's a genuine issue of material fact. And that essentially is, while it's difficult to show intent... Knowledge, I mean, by the defendant, we can do that through circumstantial evidence. And certainly that would be sort of the critical issue here. The expert essentially says that... Our expert says that what defendant was supposed to do when dealing with this sort of fracture was to return all the bones to its anatomically original place, fixing it into place with basically a plate and with steel screws. Our expert then said, looking at the x-rays, he could tell that it obviously was not in the right spot. And that's where I would say the first element is, is that defendant should have been aware. But at the very least, when our expert then said that the third surgery was done correctly, this shows that the defendant knew how to do it right and therefore could see that he had done it wrong. Our expert further had said that if it had been done correctly in the first instance, neither the second nor the third surgery would be required. So that is sort of circumstantial evidence to show that the defendant knew. And when the defendant fracturally concealed it was when the defendant had told plaintiff that he was fine, that he was healing normally, and that further surgeries were something that was natural, that these things occur. And he did that in two instances, both for the first and second surgeries. Where our plaintiff is reasonably relied is because he's a federal prisoner. He does not have access to a second opinion. And so it was only sometime thereafter when he was, I think, after the third surgery, thinking this can't be normal. And so he then filed suit. I hope that addresses the issue. But that's sort of how this only works with a consideration of the expert report. Without that, you can't make a prima facie case for fraudulent concealment. So, Your Honor, it would be for these reasons that I think there's a policy preference to resolve issues on their merits. And I don't think the court should impose additional technical and unnecessary barriers to cases that are brought before its district courts. So for any of these reasons, I would ask this court to reverse and remand. Well, there's an old, tried and true maxim. The best way to win on appeal is to win below. Yes, sir. And, you know, this may be one of the tough cases where, you know, that sort of like even if you're right, you still may not get relief because of the, A, if the district court could or should have taken into account and amended, you know, was it an abuse of discretion? And then, B, you know, if it's on summary judgment and de novo, they weren't in the record. And then, C, you know, was the issue Judge Salford raised about even taking into account, does it establish prima facie defraudulent concealment? So, you know, those are just issues. We've got your opening. We'll hear from the other side, and you've reserved some rebuttal time. Thank you, Your Honor. Thank you. Ms. Lamas? May it please the Court. My name is Cynthia Lamas, and I'm here on behalf of Andrew Palafox, an orthopedic surgeon in El Paso. I was sort of at a loss as to how to properly prepare for today, but as I understand the arguments of counsel, is that the Court should have accepted the unsworn report of the plaintiff's expert in refusing to grant the summary judgment motion, and one of the reasons being, you know, that the unsworn report should meet all the requirements. That has never been the law in the state of Texas. That has never been the law in federal court. As a matter of fact, I struggled to find any cases in which an unsworn declaration was held to be competent summary judgment evidence. Plaintiff or the appellant alleges that because the unsworn report was attached to my amended motion for summary judgment, that magically endows it with all of the things that are necessary in order to turn it into competent summary judgment evidence. I did not attach that unsworn report to my amended motion for summary judgment for the purpose of accepting and agreeing that everything in there was correct. The only reason for attaching that particular report to the amended motion for summary judgment was to show that there would be absolutely no controversy on the motion itself that there was any issue with regard to a November 2013 surgical procedure, the third surgical procedure. That was the only claim that may have been timely filed by the appellant. And the only reason, it's sort of a, I attached it for the purpose of sort of like seal text to show that there's no, there's going to be no controversy on that point and the only subjects of the summary judgment motion were the January 2013 and the May 2013 procedure. The, that doesn't... The third surgery wasn't the problem. The third, that's exactly why I put that amended report in there, Your Honor. You almost didn't even need to do that. I did it out of an abundance of caution to, because when I initially filed my motion for summary judgment motion back before the amendment, the complaint was amended, the complainant did not say anything about the November surgery. And after I first filed the summary judgment motion saying, hey, your lawsuit is, was filed outside of limitations, plaintiffs sought leave, which I opposed, saying I would like to amend my complaint. And in the amended complaint, what they did was they said, oh, I also allege now that this November surgery was at issue. We therefore proceeded with some discovery and when plaintiff first put forth his, what the evidence was going to be of his expert with that unsworn report, I knew definitively at that point that the November surgery was no longer be an issue. And I thought it prudent therefore to argue again and to amend my summary judgment motion on the first two claims that were filed outside of limitations. The other point here, Your Honors, is that the appellant argues that he did not have time to address this issue before the magistrate issued his ruling. And that is not correct. It was not the burden on the movement for the summary judgment to set forth everything that the appellant needed to do in order to survive a motion for summary judgment when I initially filed the motion. I pointed out what element, what, what, that the, I met my burden and I don't think there's been an argument that I had met my burden on the statute of limitations having expired more than two years before I filed this claim. And once I did that, it was up to the appellant to set forth evidence to show why limitations should not apply in this case. And rather than even relying upon or going forth with the expert evidence, all the appellant did was argue, make some argument, rehash what the law of fraudulent concealment was, and he attached his own declaration in response to the amended motion for summary judgment. In this case, Your Honors, this is somewhat inexcusable because when I had initially sought to file, to seek summary judgment before the complaint was amended, I had laid out, and the pleadings will bear this out, I had laid out everything that appellant needed to do in order to prove his contention of fraudulent concealment. It said you have to put in evidence that there was a tort. You must put in evidence that the defendant knew he committed a tort. And you must put forth evidence that the defendant, you know, that the defendant hid that fact and intended to deceive the claimant. The appellant never did. I said claimant because Med-Mal Law in Texas is claimant. The appellant never did. Counsel, let me ask you, what evidence is there that the doctor told plaintiff, don't be concerned, sometimes this takes two surgeries or three surgeries, and healing can just lead to these problems? I don't know if that's concealment or not. I also don't know if that's a fair statement. As a layman, it sounds like you'll be able to pin a broken arm more reliably than that. But I don't know what evidence we would have to support my lay opinion. So just what evidence is there along the lines that the concealment is the doctor telling the patient, don't be concerned about all these extra surgeries? This is the way it works with your kind of injury? I don't understand the question, Your Honor. Is Your Honor asking me what is... Is there evidence to that effect in the record? Is there evidence that the defendant concealed? I'm asking you just a simple statement made by the doctor. Did the plaintiff present evidence that the doctor told me, don't be concerned about there needing to be a second surgery? Sometimes these things take that long. Don't be concerned about a third surgery. Sometimes these take that long to heal and you need the additional surgeries. Is that in the record? I do believe that is in the record in the form of the declaration by the appellant that the defendant made those statements. But the fact that the defendant made those statements does not show that those statements were false when they were made or that they were made with the intent to deceive the appellant, which are the requirements of a fraudulent concealment claim. I think there would need to be evidence, in fact, that that was a misstatement by his part. And if so, that would be circumstantial evidence of perhaps an intent to conceal. But I assume there's no medical evidence to support that this should not take two or three surgeries. There is no medical evidence to support that, Your Honor. And there is no evidence that those statements were misrepresentations of fact because there is absolutely no evidence, there's no sworn evidence, there's no competent summary judgment evidence that those statements were false. Even the attempt to file a late declaration of the appellant's expert does not provide that evidence. I believe, Your Honors, if you will review the record, you will note that subsequent to the filing of the declaration and the response, I did reserve the right to object should the court take it up at a later time and to make all evidentiary objections that I would need to make to that declaration. And the declaration is not going to comply, is not going to meet Texas law on what is required. All right, stay with me here. All right. The case is appealed to us and teed up on this notion about whether sworn or unsworn, you know, statements are competent for purposes of summary judgment, yada yada. But when I read through this and cut through it, the magistrate judge seemed to be down at that level about this unsworn. For reasons best known to him, but perhaps not to have to deal with this, when it got appealed to Judge Briones, he conspicuously did not get all bogged down in this sworn, unsworn. He honed in on whether or not there was competent summary judgment evidence to support the fraudulent concealment claim. And it looked to me like he almost spotted the point of, okay, even assuming this was sworn. He went through the sharp case elements and basically says there's no competent summary judgment to substantiate concealment. At best, you show maybe negligence in not using the number of screws. But he went through sharp. So I read it that his judgment was predicated that taking the evidence and the like most favorable to the plaintiff, sworn or unsworn, it still doesn't prove the elements of fraudulent concealment. Therefore, he granted summary judgment. And in reading his, he doesn't get all into Rule 26 or 56, whether sworn or whatever. He goes through sharp. He says the most the plaintiff has shown is negative, the most. But even if that, it doesn't toll the statute of limitations. So my question to you is, if that's correct under sharp and what you got to prove in Texas on fraudulent concealment, why do we need to get into the weeds on Rule 26, the amendment to Rule 56 and all that? Because that really wasn't the basis of the district court judgment. Some of that's all in the report and recommendation. But he said, you know, based on the unobjected two portions of the magistrate's report, plus what he found, his ruling was based on that. And I think, it's just me, he found it cleaner because even if you took the evidence that way, that it didn't support in a sharp. So my question is, do you take the view that that evidence doesn't fit the elements on the sharp of fraudulent concealment? If that's the case, isn't that the cleanest way to dispose of this case? It is absolutely the cleanest way to dispose of this case. And respectfully, Judge Briones said, look, plaintiff didn't meet, he doesn't have admissible evidence, period, sworn declaration or not of evidence of a tort. And the court went through that other analysis of what the elements were for deceit and intent to conceal only because they were raised by the appellant in their pleadings. But yes, the cleanest way to take care of the case is that no matter what, the evidence or the evidence that the appellant presented is insufficient under Texas law to prove what he needs to prove in a fraudulent concealment case. He's got to show that the doctor, my client, knew that he did something wrong, and Judge Briones laid it out exactly why the surmise and the conclusions and the suppositions that were raised did not meet that standard. And he had, and the appellant had to show that the defendant made those statements with the intent to deceive. And there is absolutely no evidence of that, even taking the unsworn. Even in the sworn, even in the sworn version. Even in the sworn version. I think great attention was paid in the briefing to the fact that did the defendant, you know, the defendant said he was going to use eight screws and he used six screws instead and I didn't know this until, you know, the day before I filed my declaration when my expert told me only six screws were used. That in and of itself doesn't show that the defendant made, you know, that the defendant used a different number of screws, that those statements were false, that they were made specifically or with any intent at all to deceive the appellant. So no matter how you cut it, Your Honors, looking at even the appellant's own statements, there just isn't enough there to get him to what he needs to show to avoid limitations far. Was there, you said that there was no evidence that he had done something wrong. Was there any evidence or discussion of the six versus eight screws? In other words, maybe if you have a terrible fracture, you've already got damage, maybe it's better to only use six as opposed to making more holes. Was, I mean, was it using six wrong? There is no evidence of that, Your Honor. So there would be no intent to fraudulently misrepresent a fact if that wasn't the fact? True. There is no evidence and even when you look at the unsworn statements of the appellant's expert, there is no statement within there that says, this is the way you do these surgeries. Under these circumstances, you must use X number of screws. I looked at the studies and the studies show that the defendant did not use this number of screws. And in addition to that, Your Honor, there would have to be more. There would have to be some evidence that the use of six screws, you know, whatever number of screws it was, was inappropriate in this case. And not only was it inappropriate, but it also caused the harm that was alleged. And in Texas, you've got to go even further, you know, it's briefed within the reports, you've got to show breach, what did the defendant do or not do that should have been done. You've got to show an injury and you've got to show proximate cause, which in Texas has two factors, foreseeability and cause and fact. Even the most generous reading of the unsworn declarations from, the unsworn, you say declarations but a declaration is sworn, the unsworn reports of the appellant's expert doesn't get him there. If your honors have no further questions, then I, you know, I will give this time back to the court, I will rely on the briefing and I thank you very much for my very first opportunity to argue before this court. All right,  we'll see you the next time. Perhaps, that would be lovely. All right, back to you on behalf of Bettle. Thank you. Thank you. Thank you. Thank you.     Thank you. Thank you. Thank you. I think there's essentially just three points to make, similar to the points that I made originally, but it was that what we have is we have plaintiff's expert saying that the first two surgeries were not normal and that flatly contradicts what plaintiff said defendant told him and this would be the evidence to show fraudulent concealment. The second would be that neither the magistrate judge or the district court or Ms. Yamas can point to any part of rule 56 that requires a sworn statement by the expert. She said that there were no cases on points that have shown either that it was abusive discretion. I would say to this court there is a case Capo Bianco versus City of New York and the Second Circuit where they found two exceptions where neither party has relied as a waiver or where the entry of the unsworn statements by the moving party would be another exception. That would be 422 F3rd 47. It's not, Your Honor. And that's why I gave you the citation. I know. And the third is that taken together I would say that this does show sufficient circumstantial evidence that there was fraudulent concealment. Thank you, Your Honor. Thank you, Ms. Goodman. I appreciate it. This case will be submitted. Before we       adjourned until 11 o'clock this afternoon. Thank you.